IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

BND by next friend and mother,
RACHAEL DOCKERY and
RACHAEL DOCKERY, Individually and
BRAD DOCKERY, Individually

            Plaintiffs

vs.                                                               No. 2:14-CV-00074
                                                                         Jury Demanded

MOUNTAIN STATES HEALTH ALLIANCE
d/b/a Johnson City Medical Center
and
MELINDA A. LUCAS, M.D.

            Defendants

ANSWER OF DEFENDANT
MOUNTAIN STATES HEALTH ALLIANCE d/b/a JOHNSON CITY MEDICAL CENTER

      Comes the Defendant, Mountain States Health Alliance d/b/a Johnson City Medical Center, and for answer to the Complaint filed herein would respond as follows:

      l. For answer to Paragraph 1, Defendant is without sufficient information or knowledge to either admit or deny the facts alleged therein with the exception of the allegation regarding this Defendant being a corporation and its principal place of business and registered agent. As to all other allegations, strict proof is demanded.

      2. For answer to Paragraph 2, Defendant would demand strict proof of such compliance with all requirements of T.C.A. §29-26-121 and T.C.A. §29-26-122.

      3. For answer to Paragraph 3, Defendant is without sufficient information or knowledge to either admit or deny the facts alleged therein with the exception of the allegation that the

minor child was taken to Indian Path Medical Center, then subsequently transferred to Niswonger Children's Hospital. As to all other allegations, strict proof is demanded.

4. For answer to Paragraph 4, it is admitted that an EEG was performed on the minor child on December 25, 2010, but it is denied that a MRI was performed on the minor child on December 25, 2010. As to whether any physician interpreted the EEG procedure on December 25, 2010 and as to what conversations took place between the Plaintiff, Rachael Dockery and any physician, this Defendant is without sufficient information or knowledge to either admit or deny same, and therefore, strict proof is demanded of such allegations.

5. For answer to Paragraph 5, as to what signs and symptoms the minor child exhibited on December 26, 2010, the Defendant would deny such allegations and would rely on the medical records as well as the testimony of the physicians, nurses and other health care professionals who provided care and treatment for the minor child on that date. It is specifically denied that no physician saw the minor child "later on the night of December 26" as alleged herein since the medical records reflect the minor child was seen by at least one medical provider during the morning hours of December 26th, and by at least two (2) additional medical providers, including the attending physician, during the afternoon hours of December 26th. It is also specifically denied that no medication was administered to the minor child on December 26th. As to what conversations took place between the Plaintiffs and any physician, this Defendant is without sufficient information or knowledge to either admit or deny same, and therefore, strict proof is demanded of such allegations. All other allegations contained herein are denied and strict proof of same is demanded.

6. For answer to Paragraph 6, it is admitted that an EEG was performed on the minor child on December 27, 2010. It is also admitted that a MRI was performed on the minor child on

December 27, 2010, which MRI results was interpreted by a radiologist in a reasonable and prompt manner. It is admitted that the minor child was transferred to East Tennessee Children's Hospital in Knoxville on December 28, 2010. As to all other allegations contained herein, Defendant is without sufficient information or knowledge to either admit or deny same, and therefore, strict proof is demanded of such allegations.

7. For answer to Paragraph 7, as to all allegations directed toward the Defendant, Dr. Lucas, no response is required by this Defendant but strict proof of such allegations is demanded. As to any allegations directed toward this Defendant in the last sentence of this Paragraph, said allegations are denied and strict proof is demanded. It is specifically denied that any employee of this Defendant failed to properly communicate any pertinent information regarding the minor child and it is specifically averred that all the physicians treating the minor child were fully informed as to the status of the minor child throughout her hospitalization. It is specifically denied that any actions and/or omissions of any employee of this Defendant proximately caused any injury to the minor child or damages to the Plaintiffs.

8. For answer to Paragraph 8, as to all allegations directed toward the Defendant, Dr. Lucas, no response is required by this Defendant but strict proof of such allegations is demanded. As to any allegations regarding the injuries to the minor child, same are denied and strict proof of same is demanded.

9. For answer to Paragraph 9, it is specifically denied that Dr. Lucas was either an employee or agent of this Defendant but was employed by and acting on behalf of some other entity not affiliated in any manner with this Defendant. Dr. Lucas was merely providing medical services as an independent practitioner with medical staff privileges at Niswonger Children's Hospital. Any such allegations asserting that Dr. Lucas was either an employee or agent of this

3
Case 2:14-cv-00074-JRG-DHI   Document 7   Filed 04/08/14   Page 3 of 7   PageID #: 108

Defendant are without merit and have been alleged without good faith based on any facts or law, and strict proof of facts to support such allegations are demanded. It is denied that any acts or omissions of Dr. Lucas are imputable to this Defendant or that this Defendant is vicariously liable for any acts or omissions of Dr. Lucas.

10. For answer to Paragraph 10, said allegations are denied and it is specifically averred that the treating physicians were fully aware and informed of the status of the minor child throughout her hospitalization. It is specifically denied that any actions and/or omissions of any employee of this Defendant proximately caused any injury to the minor child or damages to the Plaintiffs. Such allegations contained in this Paragraph are without merit and have been alleged without good faith based on any facts or law, and strict proof of facts to support such allegations are demanded.

11. For answer to Paragraph 11, any such allegations directed toward the Defendant, Dr. Lucas, no response is required but strict proof of such allegations is demanded. As to any allegations directed toward this Defendant, said allegations are denied and strict proof is demanded. As to any allegations regarding the injuries to the minor child, said allegations are denied and strict proof is demanded. It is specifically denied that this Defendant is liable to the Plaintiffs and/or the minor child for any alleged damages. All other allegations contained herein are denied.

12. For answer to Paragraph 12, any allegations directed toward this Defendant are denied and strict proof is demanded. As to any allegations regarding the injuries to the minor child or her needs, Defendant is without sufficient information or knowledge to either admit or deny same, and therefore, strict proof is demanded. All other allegations are denied.

13. As an additional affirmative defense, the Defendant would deny that it's employees are guilty of any negligence or carelessness in this case, and would specifically aver the defense of comparative fault of the Plaintiffs, or such other third persons, including any other treatment providers or the other named Defendants, as may be reflected during the pendency of this cause of action. Specifically, the Defendant would allege under such defense, that to the extent such damages were proximately caused by the negligence of the Plaintiffs, or such other third persons or other named Defendants, as may be shown by the proof in this cause of action, that they be assessed such degree of fault directly attributable to them, and to the extent the Plaintiffs' negligence were equal or greater than that of this Defendant and/or its employees, this Complaint should be dismissed as to this Defendant. Defendant would reserve the right to assert comparative fault as to non-parties after discovery has been completed. The Defendant would request that the Court submit special instructions to the jury with respect to the doctrine of modified comparative fault as applicable in Tennessee.

14. As an additional affirmative defense, the Defendant would aver it and/or its employees have complied with the applicable standard of care required of them in this case and would deny that they deviated from the recognized standard of acceptable professional practice applicable to them in Johnson City, Tennessee and similar communities.

15. As an additional affirmative defense, the Defendant would incorporate the provisions of T.C.A. §29-26-115, et seq., as amended, as may be applicable to this case.

16. As an additional affirmative defense, the Defendant would incorporate the provisions of T.C.A. §29-39-101, et seq., as amended, as may be applicable to this case. Without admitting Plaintiffs are entitled to any damages, the Defendant would aver that any potential damages must be capped in conformity with any applicable federal or state law.

17. All other allegations contained in said Complaint not heretofore admitted or denied, are hereby denied as if fully and completely set forth herein, and strict proof is demanded.

18. The Defendant would specifically reserve the right to amend this Answer at such subsequent times that is deemed proper.

19. The Defendant would aver that the Plaintiffs, either individually and/or on behalf of the minor child, have failed to state a claim for which relief may be granted under applicable law, and therefore, this cause of action should be dismissed.

20. As an additional affirmative defense, Defendant would aver and rely upon any defenses available to it pursuant to Rule 8, Federal Rules of Civil Procedure, including but not limited to, comparative fault, statute of limitations and any other matter constituting an affirmative defense.

21. The Defendant, as an additional affirmative defense or request, would incorporate the provisions of T.C.A. §29-39-102(j), as may be applicable to this case.

22. The Defendant would specifically reserve the right to file any subsequent Motion to Dismiss and/or Motion for Summary Judgment at such times that is deemed proper.

WHEREFORE, the Defendant requests that the Complaint filed in this cause of action be dismissed with all costs taxed to the Plaintiffs.

The Defendant further requests a jury to try this cause.

Respectfully submitted,

By: Frank H. Anderson, Jr.
    Frank H. Anderson, Jr. (BPR #6723)

ANDERSON & FUGATE
Attorneys for Defendant, MSHA
c/o MSHA Legal Department
400 N. State of Franklin Road
Johnson City, TN 37604
Telephone: (423) 302-3416;
Fax: (423) 302-3449
E-mail: AndersonFH@msha.com

CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing Answer was filed electronically on this 8th day of April, 2014. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

                                                s/Frank H. Anderson, Jr.